Good morning, ladies and gentlemen. We'll proceed with the first case on the oral argument calendar, which is United States v. Hansen. Good morning. May it please the Court, Eric Kirsten for Appellant Jeffrey Hansen. Mr. Hansen, there are two issues presented in Mr. Hansen's appeal. First, whether there is a valid waiver of his right to appeal the restitution order in his case, and second, the amount of the restitution order. Mr. Hansen was charged with a child pornography offense, possession of child pornography. His plea agreement included a general appeal waiver that included the right to appeal restitution. But that waiver wasn't knowing or voluntary because it included no estimate of the loss amount, no agreement about the loss amount. It didn't refer to any actual items of costs for identifying potential victims. The case law is pretty clear that an appeal waiver won't be given effect unless it's knowing and voluntary, and that in the context of restitution, a defendant can't validly waive his right to appeal a restitution order unless given a reasonably accurate estimate of the potential restitution amount at the time he agrees to waive appeal. If we accept the position that you've taken in your brief, it doesn't look like to me that there would ever be a settlement of a case, a plea bargain of a case involving these facts, which would be a terrible situation for defendants. They'd all have to go to trial. They'd all get the maximum sentence, et cetera. So it just struck me there should be some way that we can wait forever and find out what the person's damages are going to be. But at what point would you say along that line that your argument would no longer be valid and that we could accept the plea bargain and waiver? Well, I think that the government just has to come up with an estimate of what the losses could be. They could identify the number of victims. Actually, the restitution statute for restitution in these sorts of offenses is 18 USC 2259. After the completion, about a year and a half after the completion of Mr. Hansen's case, that statute was amended and now includes a minimum restitution amount of $3,000 per victim. But that wasn't applicable at the time of Mr. Hansen's offense. His offense was completed in June of 2017. The amended statute took effect in December of 2018. So it's about 18 months later. So I think that's addressed in the statute. Many of these victims also have submitted numerous restitution requests to different courts throughout the country. And the materials are available regarding the amounts of restitution that they claim for most of the victims. So basically you're asking for resentencing? Just on the restitution amount. Right. And, you know, of course, on resentencing, it's possible that he could be charged with more restitution. Understood. But here, the issue is that there's only one restitution amount that's being appealed. The parties were able to reach agreements on most of the restitution amounts. The actual restitution order was $30,500 to 11 different victims. But on 10 of those victims, Mr. Hansen and the government were able to reach agreements regarding an appropriate restitution amount and the district court followed those agreements. Well, there were two others that were disputed, but Mr. Hansen is not appealing those orders because he believes there is sufficient evidence to support them. He's only appealing one of the restitution orders because that person simply submitted a letter saying that they needed to complete evaluations and prepare reports to determine what the losses are, but they didn't list any losses that have been incurred. And again, under 2259, the statute in effect at the time of Hansen's offense didn't refer to expenses reasonably expected to be incurred in the future. The amended 2259 does include that. So a lot of those concerns have been addressed with the amended version of section 225. But the problem here is there was just it was just a boilerplate letter essentially that was submitted that said, you know, the victim needs to complete examinations and prepare reports to determine what the, you know, the total amount of restitution would be. But there is no estimate of loss, no indication that there is a loss, just that they need to conduct these examinations and prepare reports. What was the restitution amount on that? The judge gave a low restitution amount. It only ordered $500. The attorney claimed that the necessary examinations and reports would likely cost $20,500 but didn't give any indication that those reports were actually going to be completed. So that's what the appeal boils down to is the $500? Correct. Do you want to reserve some time for rebuttal? Yes. Thank you. We'll hear from the government. You're muted. My apologies. Good morning, Your Honors. Brian Enos on behalf of the United States. These two issues are largely intertwined. It sounded like the court was asking questions mostly with respect to waiver. So I'll focus on that. However, I welcome any questions on any issue. The operative case with respect to the waiver issue is United States v. Lowe, and that's cited in the government's briefing. And what it provides on page 787 is, so long as the plea agreement provided sufficient information from which defendant could have derived an accurate estimate of restitution for which he was liable, then the waiver is valid. At the restitution hearing, the government argued that the requested $3,000 on behalf of Raven was indeed a reasonable estimate of what defendant knew from the plea agreement that he would owe. Here, the district court only awarded one-sixth of that, and the government endorses that as well as something that should be upheld. What the defendant said, the operative paragraph in the plea agreement is paragraph 3K, and it says the defendant agrees his conduct is governed by mandatory restitution pursuant to the parameters set forth in, as well as the Paroline and Galan cases, section 2259. So what are those parameters contemplate? Six different types of costs, including reasonable attorney's fees. Well, even by the time of the restitution hearing, the Marsh Law Firm had presented a 14-page report. It wasn't just boilerplate. It included the specific sexually explicit depictions that Raven suffered in this case. It also talked about future costs that would be incurred just for economic loss assessments, as well as psychological assessments. But the Marsh Firm said Raven hasn't received enough in restitution to be able to afford those. And so the court offered a de minimis amount, which the government would argue by itself is a reasonable estimate of 2259, even before the revisions or the amendment to the statute that now contemplates the $3,000 floor. That's an hour, perhaps a little more, a little less of attorney's fees time in this case. And so what the district court did was issue an award based on a report that talked about a lot of future cases, but cognizant of the fact that, as in this case, Raven hadn't yet obtained enough in restitution to do a lot of subsequent work that was contemplated in the future. So what the court did not do is abuse its discretion in issuing it. With respect to waiver, the $500 by itself is a reasonable estimate of something. The defendant does not dispute that he owes Raven something. He acknowledged in his sentencing hearing that he indeed collected sexually explicit depictions of Raven. He also acknowledged in his plea agreement that he would be required to pay restitution and pursuant to the parameters of 2259. And what the court ultimately ordered, a de minimis $500 amount, certainly could comprise a small subset of just the attorney's fees provisions, not also including the future medical costs and so on and so forth that the statute provides. So the statute itself applies to a fact pattern like we have here, where Raven doesn't have enough money yet in restitution to do the future work. But the de minimis amount certainly helps her inch her way toward doing that. And it's something that's a reasonably accurate estimate of what Mr. Hansen's potential restitution toward her would be just by itself. Government welcomes any questions. Any further questions? I think Judge Walsh has one. It just seems to me I'm missing something pretty obviously. Your opposition wants to go back and have more money that the defendant will have to pay. It seems to me that I'm missing something here that is not in the record or in the briefs of what's the benefit to the defendant. Here he's only having to pay $500. It goes back to maybe $50,000 he's going to go have to earn and pay. It seems to me that I don't know why this case is before us. The government hasn't brought it before us. Am I missing something here? Not in the government's position, Your Honor. I understand. Any further questions? I think we have your argument in hand, so we'll hear a rebuttal. Thank you. Mr. Hansen is appealing because the $500 restitution was ordered based on what he believes was a lack of evidence of loss in the case. The government mentions that there was attorney time put into the case to prepare the letter. And that the amount was low. But it's just all the other restitution requests documented losses and no losses were documented here. And given the nature of the letter, it seemed unclear whether any loss would be documented. I'm sentencing. The record is back open for that. And there could be more detailed submission at the judge's discretion, correct? I'm not sure. I mean, the sentencing was completed. And so I'm not sure. But it's going to be a resentencing if it's vacated here on that particular restitution order. Understood. It seems to me, and I think Judge Thomas alluded to it, if your only objection is that this isn't even a good faith estimate.  But if you are successful, then at a resentencing, it seems to me the government could come back in and have further documentation as to higher restitution that she would need. So it's not clear to me how you could win the battle and lose the war here. So do you want us to vacate the restitution order? I would leave it to the court's discretion. Right. I mean, I think it turned into a related issue. If we get to the amount, it's an abuse of discretion standard. And your client did indicate that restitution was owed, and it's a de minimis amount. So where's the abuse of discretion? I would just submit on the issue. Okay. Very good. Thank you both for your arguments this morning. The case just argued to be submitted for decision.
judges: WALLACE, THOMAS, McKEOWN